**WO**                                                                                                           KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Medina,                             ) | No. CIV 05-2514-PHX-JAT (JI) |
|                                            ) | |
|     Petitioner,        ) | **ORDER** |
|                                            ) | |
| vs.                                        ) | |
|                                            ) | |
| Judy Friego, et al.,                       ) | |
|                                            ) | |
|     Respondents.       ) | |
|                                            ) | |

On August 22, 2005, Petitioner George Medina, presently confined in the Arizona State Prison Complex in Florence, Arizona, filed a Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner paid the five dollar ($5.00) filing fee on August 25, 2005. Due to a clerical error, the Petition was dismissed on October 26, 2005 for failure to pay the filing fee or file an Application to Proceed In Forma Pauperis. On October 31, 2005, Petitioner sent the Court a Notice of Payment of Filing Fee and receipt for payment of the filing fee. On November 3, 2005, Petitioner submitted another five dollars ($5.00) for payment of the filing fee.

The Court will direct the Clerk of the Court to reopen this action and refund five dollars ($5.00) to Petitioner.

**TERMPSREF**

**Petition**

Judy Friego is named as a Respondent to the Petition and the Arizona Attorney General is named as an additional Respondent. Petitioner challenges his June 25, 2002 judgment of conviction in Maricopa County Superior Court, case number CR 2001-013429, for attempted murder and aggravated assault with a weapon.

Petitioner alleges two grounds for relief in support of the Petition: 1) Petitioner's Fifth Amendment due process rights were violated when the trial judge abused his discretion by denying Petitioner's motion to exclude the term "premeditation" from the indictment; and 2) Petitioner's Sixth Amendment rights were violated when recordings of a police interview conducted shortly after Petitioner's arrest were not made available to his attorneys for trial. Petitioner alleges that Count I has been presented to the Arizona Supreme Court.

It is unclear from the face of the Petition whether Petitioner has properly exhausted Count II. Exhuastion requires presentation to the Arizona Court of Appeals. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999) (when challenge is not to a life sentence or capital sentence, exhaustion requires only fair presentation to the Arizona Court of Appeals), cert. denied, 529 U.S. 1124 (2000). It also appears that further review of Petitioner's claims is not available in the state courts because the deadline for filing an appeal has passed. Consequently, any unexhausted claim may be procedurally barred. In light of the possibility of procedural bar, a summary dismissal would be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether claims were procedurally barred). An answer is therefore required. 28 U.S.C. § 2254(a).

**IT IS THEREFORE ORDERED** as follows:

(1) The Clerk of the Court is DIRECTED to REOPEN this case;

(2) The Clerk of the Court is DIRECTED to REFUND five dollars ($5.00) to Petitioner, for overpayment of the filing fee;

TERMPSREF

- 2 -

1    (3) A copy of the Petition For Writ Of Habeas Corpus By A Person In State Custody Pursuant to 28 U.S.C. § 2254 (Doc. #1) ("Petition") and this Order shall be SERVED by the Clerk of the Court upon the Respondents by certified mail;

(4) Respondents shall answer the Petition within forty (40) days of the date of service. Respondent shall not file a dispositive motion in place of an answer, but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may constitute a waiver of the defense.  See Nardi v. Stewart, 354 F.3d 1134, 1140-41 (9th Cir. 2004); see also Morrison v. Mahoney, 399 F.3d 1042, 1045-47 (9th Cir. 2005).  If not limited to affirmative defenses, the answer shall fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases;

(5) Petitioner may file a reply within thirty (30) days from the date of service of the answer;

(6) A clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  See Local Rule of Civil Procedure 5.4.  **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to Petitioner**;

(7) Petitioner SHALL SERVE upon Respondents, or if appearance has been entered by counsel, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Petitioner shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Respondents or the counsel.  Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the Court may be disregarded by the Court;

1  (8) At all times during the pendency of this action, Petitioner SHALL IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Petitioner has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Petitioner shall serve a copy of the notice on all opposing parties. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b);

(9) This matter is referred to Magistrate Judge Jay Irwin for further proceedings and a report and recommendation; and

(10) The Clerk of Court is DIRECTED to forward a copy of this Order to Financial Administration for the Phoenix Division of the U.S. District Court for the District of Arizona.

DATED this 6th day of December, 2005.

James A. Teilborg
United States District Judge